IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

LAURIE L.A. ABEDNEGO, et al.  :   CIVIL ACTION
                              :
         v.                   :
                              :
ALCOA, INC., et al.           :   NO. 10-009

MEMORANDUM

Bartle, C.J.                                        July 14, 2010

Now before the court are the motions of defendants Alcoa Inc., St. Croix Alumina, LLC, and St. Croix Renaissance Group, LLC to unseal certain documents filed by plaintiffs.

The complaint signed by Lee J. Rohn, Esquire names some 2,895 individual plaintiffs. They allege that they suffered personal injuries and property damage when defendants failed to secure properly the hazardous substances known as bauxite and red mud at their alumina refinery as Hurricane Georges passed through St. Croix in 1998. Plaintiffs claim that: (1) defendants are strictly liable for maintaining an abnormally dangerous condition; (2) defendants have committed negligence per se; (3) defendants' actions constitute both a public and a private nuisance; (4) defendants Alcoa and St. Croix Alumina negligently abated the nuisance causing further injuries to plaintiffs; (5) defendants caused both intentional and negligent infliction of emotional distress on plaintiffs; (6) defendants' actions constitute negligence; and (7) the actions of defendants were so callous as to entitle plaintiffs to an award of punitive damages.

These allegations are substantially similar to the allegations presented in Henry v. Glencore, Ltd., D.V.I. Civ. A. No. 99-36, where the court has recently decertified the class.

Plaintiffs originally filed their complaint in the Superior Court of the U.S. Virgin Islands. Defendants removed the action to this court on the ground that federal jurisdiction exists under the "mass action" provisions of the Class Action Fairness Act of 2005 ("CAFA"). See 28 U.S.C. § 1332(d). Plaintiffs have since filed a motion to remand the case based on a lack of subject matter jurisdiction. That motion is pending before the court.

In the meantime, based on a press release issue by plaintiffs' counsel, the court had serious concerns about whether she had actual representation agreements with all 2,895 plaintiffs at the time the complaint was filed. Needless to say, an attorney may enter an appearance only for those parties whom he or she has authority to represent. See Pueblo of Santa Rosa v. Fall, 273 U.S. 315 (1927); see also V.I. Rule of Prof. Conduct 3.3. As a result, the court ordered plaintiffs' counsel to file an affidavit swearing

> when each plaintiff individually engaged her to represent that plaintiff in connection with the claims alleged in this lawsuit and specifically whether each individual representation was effected on or before December 1, 2009, the date Ms. Rohn signed the complaint which was originally filed in the Superior Court of the Virgin Islands.

(Doc. No. 19). The court also ordered that the affidavit contain a statement as to whether the representation was effected orally or by a writing signed by the plaintiff. A hearing on the matter was scheduled for May 14, 2010.

Plaintiffs' counsel filed such an affidavit, along with 2,385 representation agreements, a master list of plaintiffs from her co-counsel in Henry v. Glencore, a public notice authorized by the court in Henry v. Glencore, a list of 92 persons who signed representation agreements with co-counsel in Henry v. Glencore that plaintiffs' counsel has yet to locate, and letters from co-counsel in Henry v. Glencore advising class members of their intention to withdraw from the case. Plaintiffs' counsel filed these documents with a motion to seal, which the court granted but advised that it would revisit the matter upon any motion to unseal.

Significantly, plaintiff's counsel did not produce a representation agreement for several hundred of the plaintiffs. In addition, a number of plaintiffs were named more than once. At the hearing, plaintiffs' counsel requested additional time to file an amended complaint with a corrected list of plaintiffs. The motion was granted.[1]

---

1. On May 17, 2010, the court ordered plaintiffs to file and serve an amended complaint correctly identifying all plaintiffs on or before July 15, 2010. On July 13, 2010, the court granted plaintiffs' motion for an extension of time to comply with the court's May 17, 2010 Order. Plaintiffs now must file and serve their amended complaint on or before September 1, 2010.

Defendants Alcoa, St. Croix Alumina, and St. Croix Renaissance Group have since made motions to unseal the documents in issue. They argue that there is no legal basis for plaintiffs' counsel to file them under seal and that defendants need access to these documents in order to prepare their defense to this suit.

The Court of Appeals for the Third Circuit has held that:

> Whether an order of confidentiality is granted at the discovery stage or any other stage of litigation, including settlement, good cause must be demonstrated to justify the order. Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order.

Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). Plaintiffs have failed to make such a showing. They contend that these documents are protected by attorney-client privilege. This argument is without merit. The retainer agreements between plaintiffs and counsel are not subject to the attorney-client privilege. As the Court of appeals stated in In re Grand Jury Investigation, 631 F.2d 17, 19 (3d Cir. 1980), "In the absence of unusual circumstances, the privilege does not shield the fact of retention, the identity of clients, and fee arrangements." See also In re Semel, 411 F.2d 195, 197 (3d Cir. 1969). Further,

after in camera review, the court finds that neither the notice sent to the plaintiff class in Henry v. St. Croix Alumina, LLC, D.V.I. Civ. A. No. 99-36, nor the related withdrawal letters from Barren & Budd constitute privileged information.

The Court of Appeals in Pansy declared that "When considering whether to grant confidentiality orders at any stage of litigation including settlement the district court must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." 23 F.3d at 787. Under the circumstances presented here, defendants have a strong interest in verifying whether counsel is authorized to represent each of the thousands of plaintiffs identified in the complaint, particularly when plaintiffs' counsel has conceded that she cannot at this time establish that she represents all plaintiffs listed in the complaint. It goes without saying that plaintiffs' counsel must have authority to represent each and every plaintiff she names. Less than 100% accuracy will not suffice.

Plaintiffs maintain that these documents contain sensitive, confidential information, including phone numbers and Social Security numbers. Once the documents are unsealed, this information would not only be available to the defendants but also to the public. In order to both permit defendants access to the pertinent information contained in these documents and to afford plaintiffs a measure of privacy as to their identifying information, we will deny defendants' motions to unseal the

documents already filed.  Instead, we will direct plaintiffs' counsel to file with the Clerk of the Court copies of these documents with Social Security numbers and telephone numbers redacted.  Such filing shall be made on or before August 13, 2010.