IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

LAURIE L.A. ABEDNEGO, et al.  :   CIVIL ACTION
                              :
        v.                    :
                              :
ALCOA INC., et al.            :   NO. 10-9

MEMORANDUM

Bartle, C.J.                                    October 5, 2010

      Now before the court are the motion of plaintiffs to file under seal certain correspondence from the law firm of Baron & Budd and the motion of defendant St. Croix Renaissance Group to compel the production of that same correspondence. The correspondence in issue consists of letters from Baron & Budd to certain plaintiffs in this case withdrawing from representation of them in the case of Henry v. St. Croix Alumina LLC, D.V.I. Civ. A. No. 99-36.

      The complaint here names some 2,895 individual plaintiffs. They allege that they suffered personal injuries and property damage from the hazardous substances known as bauxite and red mud which defendants Alcoa, Inc., St. Croix Alumina LLC, Glencore Ltd., and St. Croix Renaissance Group failed to secure properly at their nearby alumina refinery as Hurricane Georges passed through St. Croix in 1998. Plaintiffs claim that defendants have committed various common law torts. They seek an award of compensatory and punitive damages. These allegations are substantially similar to the allegations presented in Henry

v. St. Croix Alumina LLC, D.V.I. Civ. A. No. 99-36, where the court has decertified the class.[1]

Based on a press release issued by plaintiffs' counsel and filed with the court, we had serious concerns about whether she had representation agreements with all 2,895 plaintiffs at the time the complaint was filed. Needless to say, an attorney may enter an appearance only for those parties whom he or she has authority to represent. See Pueblo of Santa Rosa v. Fall, 273 U.S. 315 (1927); see also V.I. Rule of Prof. Conduct 3.3. As a result, on April 26, 2010, the court ordered plaintiffs' counsel to file an affidavit swearing

> when each plaintiff individually engaged her to represent that plaintiff in connection with the claims alleged in this lawsuit and specifically whether each individual representation was effected on or before December 1, 2009, the date Ms. Rohn signed the complaint which was originally filed in the Superior Court of the Virgin Islands.

(Doc. No. 19). The court also ordered that the affidavit contain a statement as to whether each representation was effected orally or by a signed writing.

In response to the court's April 26, 2010 Order, plaintiffs' counsel filed such an affidavit, in which she stated

---

1. Initially, the court decertified the entire plaintiff class and simultaneously certified a class of those seeking purely injunctive relief. Shortly thereafter, the court granted summary judgment in favor of the defendants on all class claims for injunctive relief. Currently, no class claims are pending in Henry v. St. Croix Alumina LLC, D.V.I. Civ. A. No. 99-36. The order granting summary judgment is currently on appeal to the Court of Appeals for the Third Circuit.

that she was including exhibits of 2,385 (but not 2,895) representation agreements, a master list of plaintiffs from her co-counsel Baron & Budd in Henry v. St. Croix Alumina LLC, a public notice authorized by the court in Henry v. St. Croix Alumina LLC, a list of 92 persons who signed representation agreements with co-counsel Baron & Budd in Henry v. St. Croix Alumina LLC that plaintiffs' counsel has yet to locate, and correspondence from co-counsel Baron & Budd in Henry v. St. Croix Alumina LLC advising members of the injunctive class of their intention to withdraw from the case.  She sent to the court in Philadelphia a CD-ROM containing the representation agreements, a CD-ROM containing the "master list" from Baron & Budd, and paper copies of the remaining exhibits.

Included was a template of a letter from Baron & Budd ("Letter A"), dated "May __, 2009."  The template contains the body of the letter and is addressed to "[client name and address]" concerning the "Red Dust case," that is, Henry v. St. Croix Alumina LLC.  Letter A details the procedural history of Henry v. St. Croix Alumina LLC and states that Baron & Budd is withdrawing from the case.  It advises the class members that they must seek other representation if they desired to pursue their claims.

When plaintiffs' counsel filed her response to the court's April 26, 2010 Order, she did not file the exhibits referenced therein.  Instead, she simply sent the exhibits

directly to the court in Philadelphia and simultaneously filed a motion to seal her response.

On May 14, 2010, the court held a hearing regarding the issue of representation of the 2,895 named plaintiffs. At the hearing, plaintiffs' counsel admitted that many of the named plaintiffs had been named more than once in the caption or had been improperly denoted and that retainer agreements could not be found for all named plaintiffs. Following that hearing, the court ordered that an amended complaint be filed and served "correctly identifying all plaintiffs and specifically identifying those plaintiffs serving in a representative capacity for minor children and estates." (Doc. No. 36). The court also then granted plaintiffs' motion to seal but advised that it would revisit the matter if any motion to unseal was filed. As a result, defendants did not and still do not have access to Letter A.

Defendants subsequently filed motions to unseal the documents produced to the court regarding counsel's representation of the plaintiffs, including all representation agreements and all correspondence from Barron and Budd withdrawing from representation of the plaintiffs. In a Memorandum and Order dated July 14, 2010, the court denied defendants' requests without prejudice but ordered plaintiffs to file those documents by August 13, 2010 with plaintiffs' Social Security numbers and phone numbers redacted to protect their privacy. We stated, "Under the circumstances presented here,

defendants have a strong interest in verifying whether counsel is authorized to represent each of the thousands of plaintiffs identified in the complaint, particularly when plaintiffs' counsel has conceded that she cannot at this time establish that she represents all plaintiffs listed in the complaint."  (Doc. No. 59).  The court sought to assure that these documents were made available only in a manner that would respect the sensitive nature of the personal information contained therein.

On August 19, 2010, defendant St. Croix Renaissance Group filed a notice of plaintiffs' failure to comply with the court's July 14, 2010 Order.  On August 25, 2010, plaintiffs' counsel forwarded a Federal Express package to the court containing the redacted retainer agreements.  Notably, she did not forward copies to defendants or post them on the publicly accessible electronic docket, essentially filing them under seal.

Defendant St. Croix Renaissance Group renewed its motion to unseal the now-redacted retainer agreements.  On August 27, 2010, the court issued an Order providing that "plaintiff shall make available to all defendants the redacted retainers and related correspondence on or before September 1, 2010."  (Doc. No. 64).

On September 20, 2010, after obtaining several extensions of time in which to comply with the court's August 27, 2010 Order, plaintiff's counsel then filed a motion to file the Baron & Budd letter withdrawing from representation under seal "so that persons not of counsel in this matter cannot be able to

review and to protect the attorney-client privilege." On the same date, defendant St. Croix Renaissance Group made a motion to compel production of the Baron & Budd correspondence. The correspondence was not attached to either motion. In order to be sure to what correspondence the parties referred, the court ordered plaintiffs' counsel on September 21, 2010 to produce the letter to the court forthwith for in camera examination.

Plaintiffs produced to the court a letter from Baron & Budd (Letter B), which differs in certain ways from the template, Letter A. Letter B is dated November 11, 2005, which was several years prior to the court's decisions decertifying the original class and granting summary judgment on the injunctive claims of the new class. Having now reviewed Letter B, it is apparent that individual letters were addressed to some of Baron & Budd's clients, presumably all with the same content except for the name of the recipient. Letter B advises the client as to Baron & Budd's withdrawal from representation in Henry v. St. Croix Alumina, LLC as "you do not appear to be one of the class members in the class action suit."

As determined in our July 14, 2010 Memorandum and Order, defendants have a right to review Letters A and B. However, certain portions of each of the Baron & Budd letters constitute privileged legal advice. Those portions of the letters which are not privileged must be produced.

Accordingly, we will order plaintiffs to produce in redacted form within ten days of this Order all Baron & Budd

correspondence withdrawing as counsel in <u>Henry v. St. Croix Alumina, LLC</u>.  Plaintiffs shall remove from the correspondence represented by Letter A the fifth and sixth sentences of the second paragraph; the second, third, and fourth sentences of the third paragraph; the entire fourth paragraph; the last sentence of the fifth paragraph; and the last sentence of the sixth paragraph.  Plaintiffs shall remove from the correspondence represented by Letter B the third sentence of the second paragraph through last sentence of the second paragraph.  These sections are to be removed because privileged legal communications are set forth in them.