```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. CROIX
```

LAURIE L.A. ABEDNEGO, et al.    :       CIVIL ACTION
                                :
            v.                  :
                                :
ALCOA, INC., et al.             :       NO. 10-009

MEMORANDUM

Bartle, C.J.                                    December 16, 2010

        This is an action naming 2,895 individual plaintiffs.
The defendants are Alcoa, Inc., St. Croix Alumina LLC, Glencore
Ltd., and St. Croix Renaissance Group LLLP.  Plaintiffs allege
that they suffered personal injuries and property damage incurred
when Hurricane Georges passed through St. Croix in 1998.  Before
the court is the motion of plaintiffs for reconsideration of the
court's November 16, 2010 Order.  It dismissed 198 plaintiffs who
had no retainer agreements with plaintiffs' counsel, removed
duplicate listings of plaintiffs from the caption, corrected the
spelling of certain plaintiffs' names, and ordered plaintiffs'
counsel to name guardians for certain minor plaintiffs.

        The complaint signed by Lee J. Rohn, Esquire pleads
that:  (1) defendants are strictly liable for maintaining an
abnormally dangerous condition; (2) defendants have committed
negligence per se; (3) defendants' actions constitute both a
public and a private nuisance; (4) defendants Alcoa and St. Croix
Alumina negligently abated the nuisance causing further injuries
to plaintiffs; (5) defendants caused both intentional and

negligent infliction of emotional distress on plaintiffs; (6) defendants' actions constitute negligence; and (7) the actions of defendants were so callous as to entitle plaintiffs to an award of punitive damages.  These allegations are substantially similar to the allegations presented in Henry v. Glencore, Ltd., D.V.I. Civ. A. No. 99-36, where the court decertified the damages class in June 2008.

Plaintiffs originally filed their complaint in the Superior Court of the U.S. Virgin Islands.  Defendants removed the action to this court on the ground that federal jurisdiction exists under the "mass action" provisions of the Class Action Fairness Act of 2005 ("CAFA").  See 28 U.S.C. § 1332(d).[1]

Shortly thereafter, based on a press release issued by plaintiffs' counsel, the court had serious concerns about whether all 2,895 plaintiffs had engaged her to represent them.  As we have set forth in our previous Memorandum, it is a fundamental legal tenet that an attorney may enter an appearance only for those individual parties whom he or she has authority to represent.  See Pueblo of Santa Rosa v. Fall, 273 U.S. 315 (1927); see also V.I. Rule of Prof. Conduct 3.3; Restatement (Third) of the Law Governing Lawyers §§ 25-30.

As a result of these concerns, the court ordered plaintiffs' counsel to file an affidavit swearing

---

1.  Plaintiffs have since filed a motion to remand the case based on a lack of subject matter jurisdiction.  That motion is pending before the court.

>           when each plaintiff individually engaged her
>           to represent that plaintiff in connection
>           with the claims alleged in this lawsuit and
>           specifically whether each individual
>           representation was effected on or before
>           December 1, 2009, the date Ms. Rohn signed
>           the complaint which was originally filed in
>           the Superior Court of the Virgin Islands.

(Doc. No. 19).  The court also ordered that the affidavit contain a statement as to whether the representation was effected orally or by a writing signed by the plaintiff.  A hearing on the matter was scheduled for May 14, 2010.

Plaintiffs' counsel filed such an affidavit, along with 2,385 representation agreements, a master list of plaintiffs from her co-counsel in Henry v. Glencore, a public notice authorized by the court in Henry v. Glencore, a list of 92 persons who signed representation agreements with co-counsel in Henry v. Glencore that plaintiffs' counsel has yet to locate, and letters from co-counsel in Henry v. Glencore advising class members of their intention to withdraw from the case.  Plaintiffs' counsel filed these documents with a motion to seal, which the court granted but advised that it would revisit the matter upon any motion to unseal.

Significantly, plaintiff's counsel did not produce a representation agreement for several hundred of the plaintiffs. In addition, a number of plaintiffs were named more than once. At the hearing, plaintiffs' counsel requested additional time to file an amended complaint with a corrected list of plaintiffs. The motion was granted, and the court ordered plaintiffs to file

-3-

and serve an amended complaint correctly identifying all plaintiffs on or before July 15, 2010.  On July 13, 2010, the court granted plaintiffs' motion for an extension of time to comply with the court's order to amend her complaint.  Counsel was allowed until September 1, 2010 to amend.

On July 14, 2010, the court granted the motions of defendants to unseal the retainers and other related correspondence initially produced under seal.  The court ordered plaintiffs' counsel to produce copies of the retainers and related documents to defendants with Social Security numbers and telephone numbers redacted.  The deadline for compliance was on or before August 13, 2010.  On August 19, 2010, defendant SCRG filed a notice of plaintiffs' failure to comply with the production order.  On August 25, 2010, plaintiffs' counsel filed a notice of compliance with the July 14, 2010 Order.  She stated that she sent the redacted retainer agreements to the court's chambers in Philadelphia rather than to defendants' counsel.  The notice also stated that plaintiffs' counsel was in Vancouver, Canada on the day the order was filed and that, in her absence, her office manager failed to assign the task of compliance to any attorney.

On August 26, 2010, defendant SCRG filed a motion requesting that the redacted documents filed by plaintiffs' counsel be unsealed in order to comport with the spirit of the initial order for disclosure.  The court granted this motion on August 27, 2010 and ordered plaintiffs' counsel to make these

-4-

documents available to defendants on or before September 1, 2010. On September 1, 2010, plaintiffs' counsel again requested an extension of time with which to comply with the court's order to produce these documents to defendants.  This time, plaintiffs' counsel stated that inclement weather had caused power outages and property damage in St. Croix so as to delay her compliance. The court granted this motion.  On September 1, 2010, plaintiffs' counsel also filed the Second Amended Complaint.

On September 3, 2010, plaintiffs' counsel requested a second extension of time in which to comply with the court's August 27, 2010 Order.  Plaintiffs' counsel pleaded technical difficulties with the firm's computer system, which necessitated an extension until September 7, 2010.  Finally, on September 9, 2010, plaintiffs' counsel filed a notice of compliance.[2]  In that notice, she declared that she had produced to defendants the redacted retainers that the court initially ordered her to produce by August 13, 2010.  On September 10, 2010, she filed an additional notice of compliance, stating that she produced the related correspondence that the court had initially ordered produced by August 13, 2010.

On September 20, 2010, defendant SCRG filed a motion to compel plaintiffs to produce correspondence from former co-counsel, the law firm of Baron & Budd, that was directly related

2.  The motion of plaintiffs for a second extension of time was granted by an order dated September 16, 2010, after plaintiffs' counsel filed her notices of compliance.

-5-

to the issue of representation and consequently within the scope
of the August 27, 2010 production order.  On that same day,
plaintiffs' counsel filed a motion requesting that she be able to
file that correspondence under seal in order to protect attorney-
client privilege.  In an abundance of caution, the court ordered
the plaintiffs' counsel to furnish a copy of the letter to
chambers in Philadelphia for in camera review.  On October 5,
2010, having reviewed two distinct and related items of Baron &
Budd correspondence, the court ordered plaintiffs' counsel to
produce these documents to defendants with certain sentences
redacted within ten days of the date of the order.  The
plaintiffs' counsel was three days late in doing so.  It was not
until October 18, 2010 that plaintiffs' counsel filed a notice of
compliance.

On October 25, 2010, defendant SCRG filed a motion
under Rules 17 and 21 of the Federal Rules of Civil Procedure.[3]
In that motion, SCRG asserted that, based on the redacted
retainer agreements produced by plaintiffs' counsel, 198 of the
plaintiffs named in the Second Amended Complaint did not have
representation agreements with plaintiffs' counsel.  SCRG further
maintained that the names of many plaintiffs appeared in the
complaint more than once, that other plaintiffs' names were

---

3.  Rule 17 of the Federal Rules of Civil Procedure is entitled,
"Plaintiff and Defendant; Capacity; Public Officers" and concerns
the matter of real parties in interest and their capacity to be
sued.  Rule 21 is entitled "Misjoinder and Non-Joinder of
Parties."  It grants the court the discretion to add or drop
parties to an action.

misspelled, and that minors as identified in the retainer
agreements did not have guardians ad litem appointed for them.
Finally, SCRG contended that the retainer agreements produced did
not authorize plaintiffs' counsel to file suit against SCRG.  On
November 16, 2010, some 22 days after SCRG's motion was filed, no
response had been filed, and the court granted the motion as
unopposed.  The order struck 198 plaintiffs, dismissed SCRG,
removed the duplicate names, and corrected the misspellings.  It
also directed that plaintiffs' counsel was to file by December 1,
2010 a Third Amended Complaint making the changes ordered by the
court and identifying guardians ad litem for all minors.

        On November 17, 2010, plaintiffs filed a motion for
reconsideration of the court's November 16, 2010 order.  In that
motion, plaintiffs stated that good cause existed to reconsider
that order because they believed that they had 21 days to respond
in opposition to SCRG's motion, they had filed a stipulation for
an extension of time to respond to the motion on November 16,
2010, and that a power outage on St. Croix had prevented them
from filing their stipulation on November 15, 2010.  The motion
asserts that, "Plaintiffs' failure to oppose the motion was
unintentional and caused by circumstances outside
Plaintiffs' control. To grant SCRG's motion without considering
Plaintiffs' meritorious opposition would result in the outright
dismissal of certain claims based upon a technical filing error,
which is manifestly unjust."

-7-

The purpose of a motion for reconsideration "is to
correct manifest errors of law or fact or to present newly
discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906,
909 (3d Cir. 1985).  A party seeking reconsideration must
demonstrate at least one of the following grounds:  (1) an
intervening change in the controlling law; (2) the availability
of new evidence that was not available when the court granted the
motion for summary judgment; or (3) the need to correct a clear
error of law or fact or to prevent manifest injustice.   See
Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669,
677 (3d Cir. 1999).

        Plaintiffs do not contend that there has been any
change in the controlling law or new evidence discovered.  Nor do
they point out any error of law or fact in the court's order.
Instead, plaintiffs request that "the Court withdraw and
reconsider its November 16 Order so that the claims of all
Plaintiffs can be decided on their merits rather than on an
inadvertent failure to meet a deadline that Defendant had already
agreed to extend."

        The history of plaintiffs' counsel in this case has
been a history of non-compliance with the deadlines established
by this court's orders.  The court will not excuse yet another
failure by plaintiffs' counsel to comport with court rules and
orders.  The Federal Rules of Civil Procedure and U.S. Virgin
Islands Local Rules are clear that parties have 14 days in which
to file a response in opposition to a motion, with the exception

-8-

of motions filed under Rules 12 and 56 of the Federal Rules of Civil Procedure for which they have 21 days.  See V.I. Local R. 7.1(e).  The motion here concerned Rule 17 and Rule 21.  Although it is regrettable that plaintiffs' counsel has not made timely responses a priority for her law firm, such neglect is not a proper basis on which to grant reconsideration.

The court has shown remarkable leniency in granting plaintiffs' counsel additional time in which to correct her previous errors.  That leniency has been abused and will extend no further.  Plaintiffs' counsel had a legal and ethical obligation from the outset to file this action only in the names of those she actually represented.  Clearly, she should know who her clients are before she files a complaint and should file a complaint only on behalf of those she represents.  While inadvertent errors can always occur, this case goes far beyond that circumstance.  In any event, any corrections should have been made promptly.  Ms. Rohn has no adequate excuse as to why such problems were not remedied months ago.  She has no right to pursue a claim for persons who have not entered into representation agreements with her, and this court cannot allow such claims to proceed.  Accordingly, we will deny plaintiffs' motion for reconsideration.

Plaintiffs have also filed a motion for leave to file a Third Amended Complaint in partial compliance with the court's November 16, 2010 order.  In that motion, plaintiffs state that because they were awaiting the court's decision on their motion

-9-

for reconsideration, they "have not removed Defendant SCRG or the names of 198 Plaintiffs from the proposed Third Amended Complaint."  We will deny plaintiffs' motion for leave to file their Third Amended Complaint in the form plaintiffs' counsel requests.  Plaintiffs must file a Third Amended Complaint in <u>full</u> compliance with the court's November 16, 2010 Order on or before December 21, 2010.  No further extensions will be granted.  A failure to comply may result in sanctions.