IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

LAURIE L.A. ABEDNEGO, et al.    :    CIVIL ACTION
                                :
         v.                     :
                                :
ALCOA, INC., et al.             :    NO. 10-009

MEMORANDUM

Bartle, C.J.                                            March 17, 2011

Some 2,000 individual plaintiffs originally filed their complaint in the Superior Court of the United States Virgin Islands. Defendants[1] subsequently removed the action to this court on the ground that subject matter jurisdiction exists under the "mass action" provisions of the Class Action Fairness Act of 2005 ("CAFA"). See 28 U.S.C. § 1332(d).[2] Plaintiffs have now moved to remand.

The Third Amended Complaint contains claims arising from the release of various hazardous substances from an alumina

---

1. The defendants in this action are Alcoa, Inc., St. Croix Alumina, LLC, Glencore Ltd. (a/k/a Clarendon Ltd.), and Century Alumina Company.

2. Plaintiffs filed their initial motion to remand on March 30, 2010. The court had significant concerns regarding the accuracy of the list of plaintiffs and whether counsel actually represented all of the plaintiffs. As a result, amended complaints were subsequently filed. The initial motion to remand was denied without prejudice. On December 21, 2010, plaintiffs filed their Third Amended Complaint, which is the operative pleading in this action. On February 8, 2011, the court ordered the parties to file briefs on the issue of whether the court has subject matter jurisdiction. In response, plaintiffs renewed their motion to remand.

refinery on St. Croix as a result of Hurricane Georges in 1998. Plaintiffs allege that, as a result of exposure to a variety of particulates and toxic substances, they have "suffered physical injuries, medical expenses, damages to their properties and possessions, loss of income, loss of capacity to earn income, mental anguish, pain and suffering and loss of enjoyment of life, a propensity for additional medical illness, a reasonable fear of contracting illness in the future."  They request both compensatory and punitive damages, as well as an injunction requiring clean-up of these substances.

CAFA provides for subject matter jurisdiction over certain class actions where the amount in controversy exceeds $5 million and where only minimal diversity of citizenship exists, that is where only one plaintiff and one defendant are diverse. See 28 U.S.C. § 1332(d)(2).  CAFA also grants subject matter jurisdiction over a "mass action" if minimal diversity exists and certain other requirements are met.  See  28 U.S.C. § 1332(d)(11).

No federal questions are alleged in the Third Amended Complaint, and thus there is no subject matter jurisdiction under 28 U.S.C. § 1331.  Similarly, this court lacks jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship is absent.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005); see also Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Defendants maintain, as noted above, that this is a mass action subject to removal.  A "mass action" is defined as:

> any civil action (except a civil action
> within the scope of section 1711(2) [28
> U.S.C. § 1711(2)]) in which monetary relief
> claims of 100 or more persons are proposed to
> be tried jointly on the ground that the
> plaintiffs' claims involve common questions
> of law or fact, except that jurisdiction
> shall exist only over those plaintiffs whose
> claims in a mass action satisfy the
> jurisdictional amount requirements under
> subsection (a).

28 U.S.C. § 1332(d)(11)(B)(i). This lawsuit meets many of the criteria of a mass action. It contains claims by more than 100 persons whose claims involve common questions of law and fact and whose claims in the aggregate exceed $5 million exclusive of interest and costs. See 28 U.S.C. § 1332(2). In addition, the minimal diversity requirement is satisfied. While several of the plaintiffs as well as the defendant Alcoa, Inc. are citizens of New York, most plaintiffs are citizens of the Virgin Islands.

CAFA excludes from the definition of mass action any case in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State." 28 U.S.C. § 1332(d)(11)(B)(ii)(I).³ A state for the purposes of this

---

3. This jurisdictional requirement is separate from the "local controversy" exception also established by CAFA. This exception allows a district court to decline jurisdiction if greater than one-third and less than two-thirds of the plaintiffs are citizens of the state in which the claim was filed and the primary defendants are citizens of that state. See 28 U.S.C. § 1332(d)(3). It also mandates that a district court must decline jurisdiction if more than two-thirds of plaintiffs are citizens of the state in which the claim was filed and the
(continued...)

statute includes a federal territory such as the Virgin Islands. See 28 U.S.C. § 1332(e).  Plaintiffs argue that the exclusion applies and that subject matter jurisdiction is therefore absent.

The parties asserting federal jurisdiction in a removal case, in this case the defendants, bear the burden of showing that the case is properly before the court.  See Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006); Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004).  Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which jurisdiction is doubtful.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941).

Defendants maintain that the Third Amended Complaint does not fall within the exclusion under § 1332(d)(11)(B)(ii)(I).  Instead, defendants assert that plaintiffs' pleading alleges a series of ongoing hazardous releases and negligent actions, occurring over twenty years.  Defendants point to the language of the exclusion which uses the words "event or occurrence," in the singular.

Defendants first rely on the decision of the United States District Court for the Southern District of Florida in Galstaldi v. Sunvest Communities USA, LLC.  256 F.R.D. 673 (2009).  In Galstaldi, the court found that the fraudulent sale

---

3.(...continued)
primary defendants are citizens of that state.  See 28 U.S.C. § 1332(d)(4).

of condominium units "to hundreds of individuals around the country over a period of one and one half years" did not qualify as "an event or occurrence."  Id. at 677.  Defendants also cite as support for their contention Cooper v. R.J. Reynolds Tobacco Corp., 586 F. Supp. 2d 1312, 1316 (M.D. Fla. 2008), Lafalier v. Cinnabar Serv. Co., 2010 U.S. Dist. LEXIS 36215, *14-17 (N.D. Ok. Apr. 13, 2010), and Aburto v. Midland Credit Mgmt., Inc., 2009 U.S. Dist. LEXIS 67467, *14 (N.D. Tex. July 27, 2009).

In Cooper, 700,000 citizens of Florida, who were former members of a decertified state class action, sued for various illnesses they alleged resulted from their addiction to cigarettes.  The court found that "the injuries alleged by plaintiffs are not single events or occurrences occurring solely in Florida or states contiguous to Florida" without going into any further factual detail about the nature of the injuries sustained.  586 F. Supp. 2d at 1316.

In Lafalier, 207 plaintiffs alleged fraud by insurance companies in the buyout of their homes in the wake of damage from a tornado.  Although the court decided that all of the events giving rise to the case occurred in Oklahoma, it held that various insurance companies made hundreds of individual decisions, denials of coverage, and reductions in payments over a span of time constituting a "series of potentially related events."  2010 U.S. Dist. LEXIS at *17.

Finally, 154 plaintiffs in Aburto sought damages under various state statutes for unfair debt collection practices.

These plaintiffs had each been defendants in "separate lawsuits [which] were filed in different Texas state courts against [them] individually by different lawyers with different law firms on behalf of [defendant collection agency] Midland."  2009 U.S. Dist. LEXIS at *15.

Plaintiffs, on the other hand, point to Mobley v. Cerro Flow Products, in which the District Court for the Southern District of Illinois found that plaintiffs' complaint for personal injuries and property damages from improper disposal of toxic chemicals from three sites over many decades was excepted from CAFA's definition of a "mass action" based on § 1332(d)(11)(B)(ii)(I).  2010 U.S. Dist. LEXIS 524, *8-*11 (S.D. Ill. Jan. 5, 2010); see also Clayton v. Cerro Flow Prods, Inc., 2010 U.S. Dist. LEXIS 226 (S.D. Ill. Jan. 4, 2010).

In our view, the plain meaning of CAFA's mass action exception encompasses this action.  The Third Amended Complaint alleges the occurrence of a release of bauxite, red mud, and asbestos from an alumina refinery in St. Croix as a result of Hurricane Georges on September 21, 1998.  Plaintiffs maintain that defendants' negligence from improperly containing these hazardous substances caused them personal injuries and property damage.  The release penetrated into the neighborhoods surrounding the refinery on that same island.  All injuries alleged in the Third Amended Complaint resulted from personal and property exposure to hazardous substances released on St. Croix as a result of that one hurricane.  Despite the fact that a

number of the plaintiffs subsequently moved away from the Virgin Islands, their property damages and personal injuries were incurred when on St. Croix.

The Senate Judiciary Committee Report on CAFA discusses the provision which excludes from the definition of a mass action those cases in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State". We find it persuasive. The report states:

> The purpose of this exception was to allow cases involving environmental torts such as a chemical spill to remain in state court if both the event and the injuries were truly local, even though there are some out-of-state defendants. By contrast, this exception would not apply to a product liability or insurance case. The sale of a product to different people does not qualify as an event.

S. Rep. 109-14, at 47 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, at 44. This exception from the contours of a mass action in CAFA was specifically designed to apply to circumstances such as are pleaded in the plaintiffs' Third Amended Complaint. Alleged here is a chemical release or spill precipitated by a hurricane that struck St. Croix. The injuries happened to persons and property near the alumina refinery from which the chemicals were released. This is not a products liability or an insurance case. Moreover, the claims here are quite different from the circumstances set forth in the cases cited by the defendants.

The plaintiffs' Third Amended Complaint does not qualify as a mass action under CAFA because all the claims arise from a single event or occurrence, that is, a hurricane, in the Virgin Islands, where the action was originally filed, and the allegedly resulting injuries occurred in the Virgin Islands.  <u>See</u> 28 U.S.C. § 1332(d)(11)(B)(ii)(I).  Thus, we do not need to reach the question whether the requisite amount in controversy has been met for each plaintiff.  <u>See</u> 28 U.S.C. § 1332(a) and (d)(11)(B)(i).

This action will be remanded to the Superior Court of the United States Virgin Islands.